Virginia ALTHERR, Plaintiff and Counterdefendant,

v.

SWISS AMERICAN OF MISSISSIPPI, INC., et al., Defendants and Counterclaimants.

No. EC 76-11-S.

United States District Court, N. D. Mississippi, E. D.

April 7, 1977.

Robert H. Weaver, Watkins, Pyle Ludlam Winter & Stennis, Jackson, Miss., Jan P. Patterson, Patterson & Patterson, Aberdeen, Miss., for plaintiff and counterdefendant.

Ralph E. Pogue, Aberdeen, Miss., for defendants and counterclaimants.

MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on motion of defendant Swiss American of Mississippi, Inc. (Swiss American) to set aside Sequestration of Property by plaintiff Virginia Altherr and for the entry of a final judgment on the verdict of the jury and former proceedings heretofore conducted herein.

The court being now fully advised in the premises makes the following findings of fact and conclusions of law.

Fed.R.Civ.P. 64 provides in pertinent part "during the course of an action, all remedies providing for seizure of . . . property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought . . . ."

Pursuant to an affidavit filed by plaintiff in compliance with Miss.Code Ann. § 11–29–3 (1972) and the execution of a bond as required by Miss.Code Ann. § 11–29–5 (1972), a writ of sequestration was issued by the court as authorized by Miss.Code Ann. § 11–29–1 (1972). The court required the posting of a bond in the sum of $50,000 and approved the filing with the clerk of a cashier's check in that amount as a compliance with the bond requirement. The writ was issued December 15, 1976, and the proceeds of an auction sale of certain personal property belonging to Swiss American were seized and the funds sequestered.

At the hearing held on December 23, 1976, the court directed the auctioneer to pay from the fund to creditors of Swiss American holding security interests against the property sold, the full amount of their respective claims, and permitted the deduction by the auctioneer of his commissions on the sale plus interest and awarded an expense allowance of $1500.00 for costs incurred during an appearance before the court in regard to the sequestered funds. The balance of $106,147.48 has been deposited with the clerk and placed in an interest bearing account with the National Bank of Commerce of Mississippi at the direction of and with consent of the parties.

The court finds that plaintiff had reasonable grounds upon which to seek the issuance of the writ and that the writ was not wrongfully sued out in the first instance. Subsequent developments, however, have demonstrated that the funds were wrongfully sequestered because of the failure of plaintiff to sustain her cause of action in any material respect.

The court finds that the motion to set aside the sequestration of the funds of Swiss American is well taken and should be sustained and that Swiss American is entitled to recover the damages shown by a preponderance of the evidence to have been sustained proximately resulting from impounding the funds.

The court finds that Swiss American has been damaged for the reasons and in the amounts as follows:

1. For the additional interest which Swiss American was required to pay on account of its secured obligations from December 15, 1976, the day of the sale and upon which date settlement could have been made had not the writ been served on the auctioneer, until December 23, 1976, the date of the court's order directing payment of the obligation from the sequestered funds, the sum of . . . . . . . . $ 452.40

2. For the difference between the interest which Swiss American was required to pay on the loan of $30,000 negotiated on February 9, 1977, and the amount earned by the funds deposited with the bank as above-mentioned (difference equals 10% paid on the loan less 5½% earned by funds or 4½%). The amount calculated at 4½% interest from February 9, 1977 to April 5, 1977—55 days, equals . . . . . . . . . . . 206.25

3. For the loss of interest on the sum of $106,147.48 computed from the date paid into the registry of the court as per the court's order of December 23, 1976, and until the date the funds were invested, January 21, 1977, a period of 28 days at 5½% interest, the sum of . . . . . . . . . . . . . . . . . . . . . . . 470.12

4. For the reasonable value of services of an attorney in regard to the sequestration issue, the sum of . . . . . . . !1000.00

5. For the allowance awarded to the auctioneer in connection with the hearing held on December 23, 1976, the sum of . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1500.00

6. For the payment of interest earned on the auctioneer's commission from the date of the sale until December 23, 1976, because the commission could not be paid from the sale proceeds due to the writ of sequestration, the sum of . . . . . . . . . . . . . . . . . . . . . . . . . . . 42.24

Total damages for wrongful suing out of writ of sequestration . . . . . . . . . . $3671.01

On the verdict of the jury, the court is of the opinion that a judgment should be entered as follows:

1. The plaintiff is entitled to recover of defendant Swiss American the sum of $700.00; representing $500.00, i. e., one-third of $1500.00 paid Swiss American by R. L. Burns & Company for disruption of planting on the Altherr farm, plus the sum of $200.00 received by Swiss American as an insurance premium refund on insurance terminated on a mobile home;

2. The defendant, Swiss American, is entitled to recover of plaintiff, Virginia Altherr, on the following items:

a. The sum of $47.86 due Swiss American by plaintiff for excess of Treflan Chemicals used on the Altherr farm;

b. The sum of $1615.20 for major repairs made on the Altherr farm by Swiss American;

3. The defendant, James Downing, shall recover of plaintiff, Virginia Altherr, the sum of $30,000; and

4. That the Crop Share Farm Lease between plaintiff, Virginia Altherr and defendant, Swiss American, shall be terminated.

In summary, the court finds

1. That a judgment should be entered in favor of Swiss American and against plaintiff for the sum computed as follows:

| | |
|---|---|
| For damages resulting from the impounding of funds | $3671.01 |
| For excess of Treflan Chemicals used on Altherr Farm | 47.86 |
| For major repairs made on the Altherr Farm | 1615.20 |
| Sub-Total | $5334.07 |
| Less amount due plaintiff | −700.00 |
| TOTAL JUDGMENT | $4634.07 |

2. That a judgment should be entered in favor of James Downing and against plaintiff in the sum of $30,000;

3. That the supplemental motion to set aside the writ of sequestration should be sustained and the sequestered funds released to Swiss American;

4. That the Crop Share Farm Lease should be terminated; and

5. That defendants shall recover their costs from plaintiff.